United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60453
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

STEPHEN WISHORK,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CR-32
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Stephen Wishork appeals his conviction following a jury

trial for sexual assault of a child on an Indian reservation, in

violation of 18 U.S.C. §§ 1153 and 2241(c), and his resulting

180-month sentence.  He contends that the prosecutor made

impermissible closing remarks which deprived him of a fair trial;

that the district court erred in preventing him from cross-

examining Government witness Randal Hickman about any charges of

sexual assault Hickman faced; and that the sentence imposed

violates United States v. Booker, 543 U.S. 220 (2005).

--------------------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wishork's challenge to the prosecutor's closing remarks indicating that he and his girlfriend, Tonya Lillie, broke up because she was aware he sexually assaulted the victim in this case fails for lack of resulting substantial prejudice because the challenged statements were not pervasive throughout closing argument and were limited by the district court's cautionary instruction to the jury that argument by counsel was not evidence.  See United States v. Holmes, 406 F.3d 337, 356 (5th Cir.), cert. denied, 126 S. Ct. 375 (2005).  Moreover, the evidence of Wishork's guilt was strong, including the medical evidence indicative of sexual assault; the victim's testimony that Wishork was her attacker, which testimony was corroborated by the testimony of her family members, the investigating officer, and the nurse who examined her; Officer Butler's testimony that, at his initial interview, Wishork denied being at home on the night in question, then changed his story, saying that he had gone out with Randal Hickman and returned home to sleep in his room; and Hickman's testimony that he spent the night in Wishork's room and did not see Wishork that evening, which contradicted Wishork's story to the police.  See id.

To the extent that Wishork additionally challenges, for the first time on appeal, the prosecutor's comments regarding his flight to New Mexico after his initial police interview, the claim is similarly unavailing.  The remarks regarding Wishork's flight to New Mexico were made in explanation of why he had not

been tested for chlamydia and were proper comments on the trial evidence. See United States v. Binker, 795 F.2d 1218, 1224 (5th Cir. 1986). Moreover, the comments were proper rebuttal to the defense counsel's closing argument suggesting that the investigators were at fault for failing to test Wishork for chlamydia. The remarks were not plainly erroneous. See United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992).

Wishork next contends, also for the first time on appeal, that the district court improperly limited his cross-examination of Hickman. Even if it is assumed that the district court's ruling prohibiting Wishork's proposed question on cross-examination was error, Wishork's substantial rights were not affected, given the strength of the direct evidence of his guilt, including the victim's unwavering identification of him as her assailant, as well as the lack of any evidence pointing to Hickman as a suspect and the jury's clear rejection of Lillie's alibi testimony. See United States v. Olano, 507 U.S. 725, 732 (1993).

Wishork additionally challenges his sentence. For the first time on appeal, he contends that the sentence violates Booker because the district court apparently considered the guidelines to be mandatory and because it increased his sentence beyond the statutory maximum based on judicially determined facts.

Wishork's conclusional allegation that the district court mistakenly considered the guidelines to be mandatory is

unsupported by the record, which establishes that sentence was imposed after <u>Booker</u>.  Because sentencing occurred post-<u>Booker</u>, there is no Sixth Amendment violation in connection with the district court's factual findings.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  Further, because the sentence imposed fell within a properly calculated advisory guidelines range, it was neither unreasonable nor plainly erroneous.  <u>Id.</u>

The district court's judgment is AFFIRMED.